KLESTADT & WINTERS, LLP  
Tracy L. Klestadt  
Joseph C. Corneau  
570 Seventh Avenue, 17th Floor  
New York, NY 10018  
Tel. (212) 972-3000  
Fax. (212) 972-2245  

**Presentment Date**: July 8, 2013  
**Presentment Time**: 12:00 p.m.  

**Objection Deadline**: July 1, 2013  

*Attorneys for Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  

| | |
|---|---|
| In re: | Chapter 11 |
| INTELLITRAVEL MEDIA, INC. d/b/a Budget Travel, | Case No. 12-14815(ALG) |
| Debtor. | |

## APPLICATION FOR AN ORDER EXTENDING EXCLUSIVE PERIODS DURING WHICH DEBTOR MAY FILE A PLAN OR PLANS AND SOLICIT ACCEPTANCES THEREOF

Intellitravel Media, Inc. d/b/a Budget Travel (the "Debtor"), debtor and debtor-in-possession in the above-captioned Chapter 11 case, hereby submits its application (the "Application") for an order extending the exclusive periods during which the Debtor may file a plan or plans and solicit acceptances thereof pursuant to sections 105(a) and 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), and in support of the Application, respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue of this proceeding and this application is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for

the relief requested herein is 11 U.S.C. §§ 105(a) and 1121(d) of the Bankruptcy Code.

## BACKGROUND

2.      On December 15, 2012 (the "Petition Date"), an involuntary petition (the "Petition") under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code") was filed by petitioning creditors Ryan Murphy, Stuart Wald and Amanda Marsalis (collectively, the "Petitioning Creditors") commencing the Chapter 7 bankruptcy case (the "Bankruptcy Case").

3.      On February 5, 2013, an order for relief under Chapter 7 of the Bankruptcy Code was entered on default.

4.      On February 11, 2013, Robert Geltzer was appointed as Chapter 7 trustee (the "Chapter 7 Trustee").

5.      By order dated March 22, 2013 (the "Conversion Order"), the Bankruptcy Case was converted to a case under Chapter 11 of the Bankruptcy Code, effective as of March 19, 2013 (the "Conversion Date").

6.      Since the Conversion Date, the Debtor has resumed operations and is managing its affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.      On April 29, 2013, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") composed of (i) Post NW, LLC; (ii) Compass Media, Inc.; and (iii) Shain + Oringer LLC. The Committee has retained the firm of Meyer, Suozzi, English & Klein, P.C. as its counsel.

8.      Since the Conversion Date, no trustee or examiner has been appointed or requested herein.

## RELIEF REQUESTED

9. By this Application, the Debtor is seeking entry of an order, substantially in the form annexed hereto as **Exhibit A**, extending the 120-day period during which only the Debtor may file a plan or plans of reorganization and the 180-day period during which the Debtor may solicit acceptances to any such plan or plans (collectively, the "Exclusive Periods"), each by 120 days, through and including November 14, 2013, and January 13, 2014[1], respectively, pursuant to section 1121(d) of the Bankruptcy Code.

## BASIS FOR RELIEF

10. Section 1121 of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a Chapter 11 case and entry of an order for relief during which a debtor has the exclusive right to file a plan. See 11 U.S.C. § 1121(b). If a plan is filed by the debtor within that 120-day period, no other party may file a plan for an additional 60 days (i.e., a total of 180 days from the filing date) so that the debtor has sufficient time to seek acceptances of its plan. See 11 U.S.C. § 1121(c)(3). Section 1121(d) of the Bankruptcy Code provides, however, that the court may, for cause shown, increase the 120-day and 180-day exclusive periods. In re Adelphia Communs. Corp., 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006); In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 407 (E.D.N.Y. 1989); In re United Press Int'l, Inc., 60 B.R. 265, 270 (Bankr. D. D.C. 1986).

11. Section 348 of the Bankruptcy Code provides, *inter alia*, that the phrase in section 1121(b) of the Bankruptcy Code "the order for relief under this chapter" means the conversion of such case to such chapter.

---

[1] The Debtor's current Exclusive Periods to file a plan and solicit acceptances thereto will expire on July 17, 2013

3

12. Section 1121(d)(1) of the Bankruptcy Code provides:

> Subject to paragraph (2)[2], on request of a party of interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d)(1).

13. Whether "cause" exists to extend a debtor's exclusive periods to file and solicit acceptances of a plan is a decision committed to the sound discretion of the bankruptcy court based upon the facts and circumstances of each particular case. See Adelphia, 336 B.R. at 674; Gibson, 101 B.R. at 409; see also In re Texaco, Inc., 76 B.R. 322, 326 (Bankr. S.D.N.Y 1987). The legislature intended to give the bankruptcy court maximum flexibility to make such a determination. Gibson, 101 B.R. at 409 (citing In re Public Service Company of New Hampshire, 88 B.R. 521, 534 (Bankr. D. New Hampshire 1988)); In re Amko Plastics, Inc., 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996).

14. In determining whether cause exists to extend a debtor's exclusive periods, courts examine several factors, including the following:

　　a. the size and complexity of the case;

　　b. the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information to allow a creditor to determine whether to accept such plan;

　　c. the existence of good faith progress towards reorganization;

---

and September 16, 2013, respectively.

[2] Paragraph (d)(2) of Section 1121 of the Bankruptcy Code provides that the 120-day period and 180-day period specified in paragraph (1) may not be extended beyond the dates that are 18 months and 20 months, respectively, after the date the order for relief is entered. The extensions sought by this Application are well within the firm deadlines imposed by § 1121(d)(2).

4

      d.   whether the debtor is paying its bills as they come due;

      e.   whether the debtor has demonstrated reasonable prospects for filing a viable plan;

      f.   whether the debtor has made progress in negotiations with its creditors;

      g.   the amount of time which has elapsed in the case;

      h.   whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

      i.   whether an unresolved contingency exists.

Adelphia, 336 B.R. at 674; In re Crescent Mfg. Co., 122 B.R. 979, 982 (Bankr. N.D. Ohio 1990) (citing Texaco, 76 B.R. 322); In re Dow Corning Corp., 208 B.R. 661, 665 (Bankr. D. Mich. 1997); In re Express One Int'l, 194 B.R. 98, 100 (Bankr. D. Tex. 1996).

      15.    When evaluating these factors, the goal is to determine whether a debtor has had a reasonable opportunity to negotiate an acceptable plan with various interested parties and to prepare adequate financial and non-financial information concerning the ramifications of any proposed plan for disclosure to creditors. See, e.g., In re McLean Indus., Inc., 87 B.R. 830, 833-34 (Bankr. S.D.N.Y. 1987); Texaco, 76 B.R. at 326.

      16.    Courts have emphasized that it is not simply a question of adding up the number of factors which weigh for and against an extension or deduction of exclusivity. It is within the discretion of the Bankruptcy Court to decide which factors are relevant and give the appropriate weight to each. See In re Hoffinger Industries, Inc., 292 B.R. 639, 644 (8th Cir. BAP 2003); In re Situation Mgmt. Sys., Inc., 252 B.R. 859 (Bankr. D. Mass. 1998). See also In re Dow Corning Corp., 208 B.R. 661, 669 (Bankr. E.D. Mich. 1997 (no one factor is dispositive and the Court is not restricted to counting factors).

17. The Debtor respectfully submits that "cause" exists for the Court to extend the Exclusive Periods as requested in this Application. In particular, the following factors all weigh in favor of granting an extension at this time:

- Barely three months have passed since the Bankruptcy Case was converted to a case under Chapter 11 of the Bankruptcy Code, and this is the first request for extension of the Exclusive Periods.

- As the Court is aware, prior to the Conversion Date, the Debtor was effectively out of business for approximately three months. During this time, the Debtor had no employees, and did not operate. As a result, upon the conversion of the Bankruptcy Case, nearly all of the Debtor's resources were devoted to resumption of operations, repairing relationships with vendors and customers, and bringing the Debtor's books and records current. These activities were necessary and essential to the Debtor's ability to proceed with the Bankruptcy Case as a debtor in possession.

- The Debtor has managed the Bankruptcy Case as a Debtor-in-Possession in good faith, and has made and will continue to make all undisputed post-petition payments as they become due consistent with their ordinary business practices.

18. The Debtor believes that the proposed extension will provide sufficient additional time to allow it to formulate a confirmable Chapter 11 plan of liquidation. For the reasons outlined above, the Debtor submits that cause exists for the relief requested herein.

19. Although the Debtor believes that an acceptable plan can be developed within the requested extensions of its Exclusive Periods, the Debtor reserves the right to request additional extensions to the extent necessary under the circumstances.

## NOTICE

20. Notice of this Application has been given by regular first class mail to (a) the Office of the United States Trustee; (b) counsel to the Committee; and (c) all parties who filed a notice of appearance in this case. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice need be given.

## NO PRIOR REQUEST

21. No previous request for the relief sought in this Application has been made to this or any other court.

[remainder of page intentionally blank]

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order granting the relief requested herein and such other and further relief as is just and proper.

Dated: New York, New York
       June 19, 2013

                                      KLESTADT & WINTERS, LLP

                                      By: /s/Joseph C. Corneau
                                          Tracy L. Klestadt
                                          Joseph C. Corneau
                                    570 Seventh Avenue, 17th Floor
                                    New York, New York 10018
                                    T: (212) 972-3000
                                    F: (212) 972-2245

                                    *Attorneys for the Debtor and Debtor-in-Possession*

**<u>Exhibit A</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| INTELLITRAVEL MEDIA, INC. | : | Case No. 12-14815(ALG) |
| d/b/a Budget Travel, | : | |
| | : | |
| Debtor. | : | |
| | : | |

**ORDER EXTENDING THE DEBTOR'S EXCLUSIVE PERIODS
TO FILE PLAN AND TO SOLICIT ACCEPTANCE THEREOF**

Upon the application (the "Application") of the Debtor[1] for an order extending the Debtor's Exclusive Periods; and it appearing that the relief requested by the Application is necessary and in the best interests of the Debtor, its estate, and its creditors; and due notice having been given; and after due deliberation; and sufficient cause appearing therefor, it is hereby

ORDERED, that the Application is granted as set forth herein; and it is further

ORDERED, that the time within which the Debtor may exclusively file a plan and disclosure statement is extended through and including November 14, 2013; and the time within which the Debtor may solicit acceptances of such plan is extended through and including January 13, 2014; and it is further

[remainder of page intentionally blank]

ORDERED, that entry of this Order is without prejudice to the rights of the Debtor to seek further orders of this Court extending the Exclusive Periods.

Dated: New York, New York
July ____, 2013

_____
UNITED STATES BANKRUPCY JUDGE

---

[1] Capitalized terms used herein that are not defined herein shall have the meanings ascribed to such terms in the Application.

2